67, (1963).[5] Accordingly, we do not think it can be said that the Board has abused its discretion by refusing to order a hearing on the complaint at this time. The employees, under the Railway Labor Act, 45 U.S.C. § 184, can file a petition with the system board of adjustment. FEIA, in fact, has stated that it has already filed such a petition on behalf of the individual engineers. This considerably reduces the public interest in having the Board conduct a prolonged hearing on the matters at this time.

For the above reasons, after also considering other contentions not discussed, we conclude that the Board acted within the limits of its discretion under the Act.

Affirmed.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, WASHINGTON and WRIGHT, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction of second degree murder. Able court-appointed counsel urges a number of contentions, which we have carefully considered. But we find no error affecting substantial rights. The judgment of the District Court will be

Affirmed.

Circuit Judge WRIGHT took no part in the consideration or decision of this case.

**Melvin JACKSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17807.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 18, 1963.

Decided Dec. 12, 1963.

Petition for Rehearing en Banc Denied May 25, 1964.

Mr. Forbes W. Blair, Washington, D. C. (appointed by this court), for appellant.

**William ALBERTSON, Petitioner,**

v.

**SUBVERSIVE ACTIVITIES CONTROL BOARD, Respondent.**

**Roscoe Quincy PROCTOR, Petitioner,**

v.

**SUBVERSIVE ACTIVITIES CONTROL BOARD, Respondent.**

**Nos. 17492, 17623.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 28, 1963.

Decided April 23, 1964.

5. Eastern alone contends that the Board has no independent jurisdiction at all to decide initially whether there has been a violation of the Railway Labor Act. The language of Section 401(k) (4), however, suggests the contrary and the legislative history, though sparse, also suggests that the Board has such jurisdiction. See

Hearings on H.R. 9738 Before the House Committee on Interstate and Foreign Commerce, 75th Cong., 3d Sess. 215 (1938); Hearings on S. 3659 Before a Subcommittee of the Senate Committee on Interstate Commerce, 75th Cong., 3d Sess. 64–65 (1938).